IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOLENE K. TAFT,<br><br>                      Plaintiff,<br>v.<br><br>UTAH STATE ADMINISTRATIVE OFFICE OF THE COURTS and DANIEL J. BECKER, in his official capacity as Administrator of the Administrative Office of the Courts,<br><br>                      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PARTIAL DISMISSAL OF FIRST AMENDED COMPLAINT**<br><br>Case No. 2:11-cv-00331 DN<br><br>Magistrate Judge David Nuffer |

       This memorandum decision and order deals with a motion to dismiss[1] selected claims in Plaintiff's First Amended Complaint.[2]

**Background Facts**

       Plaintiff, Jolene K. Taft (Taft), a former employee of the Utah Administrative Office of the Courts (AOC), alleges that the AOC and Daniel J. Becker (Becker), in his official capacity as Administrator of the Administrative Office of the Courts, discriminated against her on the basis of a perceived disability. Taft began working for the AOC as an accounting technician in 2007.[3] On February 14, 2008 Taft received a letter from her supervisor concerning her "very deep cough"[4] and indicating that the AOC intended to "work to develop a performance plan that is

---

[1] Motion for Partial Dismissal of First Amended Complaint (Motion for Partial Dismissal), docket no.15, filed November, 7, 2011.

[2] First Amended Complaint, docket no. 13, filed October 24, 2011.

[3] First Amended Complaint ¶ 8.

[4] *Id.* ¶ 9.

mutually beneficial to her and to the [AOC]."[5] On February 15, she was placed on administrative leave until she signed a medical records release form that had been provided to her.[6] Even though Taft's supervisor requested that she receive a tuberculosis test[7] when she saw her doctor on February 20, 2008, a test was not ordered because the doctor did not believe it was necessary.[8] Ms. Taft was terminated on February 21, 2008 because she had not signed her medical release form by a due date of February 20, 2008.[9]

In Taft's First Cause of Action,[10] she claims the AOC's actions violated the Americans with Disabilities Act (ADA).[11] In her Third Cause of Action, Taft claims that the AOC breached her employment contract,[12] and her Fourth Cause of Action claims that the AOC breached the covenant of good faith and fair dealing in her employment contract.[13] Taft seeks back pay; front pay; reimbursement of pecuniary losses, including lost benefits; reinstatement of her employment with AOC; punitive damages; and other relief.[14] The AOC is now seeking to dismiss Taft's First, Third, and Fourth Causes of Action.[15]

## Standard for Decision

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for "lack of jurisdiction over the subject matter." Accordingly, a Court "must dismiss

---

[5] *Id.* ¶ 12.
[6] *Id.* ¶ 13.
[7] *Id.* ¶ 17.
[8] *Id.* ¶ 18.
[9] *Id.* ¶ 22.
[10] *Id.* ¶¶ 23-38.
[11] 42 U.S.C. § 12101 et. seq.
[12] *Id.* ¶¶ 49-54.
[13] *Id.* ¶¶ 55-59.
[14] *Id.* at 9.
[15] Motion for Partial Dismissal at 1-2.

the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[16]

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Bell Atl. Corp. v. Twombly*[17] and *Ashcroft v. Iqbal*[18] require that "a complaint must have enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face."[19] And while "a court must accept as true all of the allegations contained in a complaint [, this rule] is inapplicable to legal conclusions."[20] "[A] plaintiff must offer specific factual allegations to support each claim."[21] Only "a plausible claim for relief survives a motion to dismiss."[22]

## First Cause of Action

Plaintiff's ADA claim must be evaluated in light of the Eleventh Amendment which bars suits against states by their own citizens unless the state consents, or Congress abrogates immunity, or the claim against state officials seeks solely prospective relief for ongoing violations of federal law.[23]

While the First Cause of Action seeks both injunctive relief and monetary damages,[24] Taft concedes that she cannot seek monetary damages.[25]  Any claims for monetary relief on the

---

[16] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *see also* Fed. R. Civ. P. 12(h)(3).

[17] 550 U.S. 544 (2007).

[18] 556 U.S. 662 (2009).

[19] *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citations and quotations omitted).

[20] *Id.* (citations and quotations omitted).

[21] *Id.*

[22] *Id.* (citations and quotations omitted).

[23] *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).

[24] First Amended Complaint ¶ 36.

[25] Plaintiff's Memorandum of Law in Opposition of [sic]: 1) Defendant's Motion for Partial Dismissal and 2) Defendant's Motion for Partial Dismissal of Amended Complaint (Opposition Memorandum) at 4, docket no. 17, filed November 7, 2011.

First Cause of Action are therefore dismissed. In their reply,[26] Defendants argue that Taft's claim for reinstatement should be dismissed because it duplicates relief sought for her claim under the Rehabilitation Act of 1973.[27] However, that Rehabilitation Act claim is not the subject of this motion and that "duplication" argument was not raised in the original memorandum on this motion. The First Cause of Action will be limited to a claim for reinstatement but the damages claims are dismissed.

### Third and Fourth Causes of Action

Taft claims that the administrative rules of the Utah Department of Human Resource Management and the AOC's personnel manual create a contract that was breached by the AOC's alleged discriminatory conduct.[28] She specifically states that "*[b]y engaging in discrimination* based on Ms. Taft's perceived disability, and [in] *retaliation for opposing this discrimination*, AOC breached its contract with Ms. Taft."[29] Taft therefore attempts to state a claim for breach of contract, *based on a supposed contractual right against discrimination.*

The Utah Anti-Discrimination Act (ADA) pre-empts this contract claim raised in the Third Cause of Action. The Utah ADA provides that it is the "exclusive remedy under state law for employment discrimination based upon disability."[30] Because the Utah ADA is the exclusive remedy for employment discrimination, any further contractual rights created by the administrative rules or personnel manuals are void as a matter of law. Any provisions in a handbook or policy or rule "purporting to vest [an] employee with additional contractual rights

---

[26] Reply Memorandum In Support of Defendants' Motion for Partial Dismissal at 2-3, docket no. 20, filed November 21, 2011.

[27] 29 U.S.C. § 7701.

[28] First Amended Complaint ¶¶ 50-54.

[29] *Id.* ¶ 52 (emphasis added).

[30] Utah Code Ann. § 34-A-5-107(15)(i).

against discrimination would be contradictory to these statutory provisions – specifically the exclusivity mandate – and would necessarily be invalid."[31] Taft claims that the Court must compare the policies and regulations at issue to the rights granted in the statute,[32] but this comparison is unnecessary because any additional contractual rights regarding discrimination would be inconsistent with the Utah ADA.

Because any claim for breach of the implied covenant and fair dealing is dependent on the existence of a contract into which such a term may be implied, the Fourth Cause of Action must also fail.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Third, and Fourth Causes of Action and any claims in the First Cause of Action for damages are DISMISSED.

Signed March 14, 2012.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[31] *Code v. Utah Dep't of Health*, 2007 UT App 390, ¶ 10, 174 P.3d 1134.

[32] Opposition Memorandum at 6.